UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRISON STEPHENSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:23-cv-00083-GFVT |
| ) | |
| v. ) | |
| ) | |
| DARRELL COX, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Brison Stephenson is confined at the Oldham County Detention Center in La Grange, Kentucky. Stephenson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review the complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Stephenson's complaint describes events occurring while he was confined at the Shelby County Detention Center ("SCDC") in Shelby County, Kentucky, from May through August, 2022. All of the named defendants were employed at SCDC during that period. [R. 1 at 2-3, 8.]

Mr. Stephenson's first category of allegations assert a claim that he was denied access to the courts. He indicates that shortly after he arrived at SCDC in late May 2022, Captain Robert

Gravett did not give him direct access to its law library. He also requested that officers provide him with copies of specific statutes and legal definitions; sometimes these requests were heeded, sometimes not. Mr. Stephenson made additional requests to visit the law library and for a pen to write with, both of which went unanswered. [R. 1 at 2-3.] He states that he wished to file a suppression motion in his state criminal case[1] and a dilatory notice of appeal in a domestic violence case which had closed several months before.[2] *Id*. at 5-6. Later, when he was being prepared for transport to a court hearing in his state criminal case, Stephenson told Jailer Cox that he needed copies of various legal papers. Cox stated that he was focused on getting Mr. Stephenson to the courthouse and did not retrieve Mr. Stephenson's legal papers. Mr. Stephenson indicates that Lieutenant Orvale Brown also neglected to give him his legal papers on a prior occasion. The state court charges against Stephenson were dismissed following the latter hearing. [R. 1 at 7.]

Mr. Stephenson's second claim is that Jailer Cox declined to waive booking and housing fees charged by SCDC even though Mr. Stephenson was not convicted in his state criminal cases. [R. 1 at 6-7.]

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=106&court=1&division=CI&caseNumber=21-CR-00254&caseTypeCode=CR&client_id=0 (accessed January 23, 2024). The docket indicates that Mr. Stephenson was represented by counsel during these proceedings until the criminal charges were dismissed on October 12, 2022.

[2] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=106&court=1&division=DI&caseNumber=21-D-00082-001&caseTypeCode=DV&client_id=0 (accessed January 23, 2024). The docket reveals that in June 2022, the Shelby County District Court sentenced Mr. Stephenson to six months imprisonment for violating a domestic violence order that had been entered in August 2021. Mr. Stephenson was represented by counsel during this proceeding.

Third, Mr. Stephenson alleges that following his booking into SCDC, Deputy Kelsey Torres assigned him to a cell at SCDC where all of his cellmates were white except for one "Mexican." When Lieutenant Larry Donavon escorted him to the cell, Mr. Stephenson expressed concern about the racial composition of the cell, but Donovan stated that he "doesn't make the rules" and placed Mr. Stephenson into his assigned cell.[3] At some point thereafter, six white inmates assaulted Stephenson. [R. 1 at 3.] An SCDC nurse who treated Stephenson's injuries allegedly stated that the white inmates in the cell were known for racially motivated assaults. During this conversation, Major Sharon Hardin allegedly told Mr. Stephenson that he was assaulted because he had been "talking crap." Major Hardin disavowed being racially biased, but allegedly mocked Stephenson when he later passed out. Mr. Stephenson indicates that he was returned to the general population when he still had a black eye and "a possible broken arm and concussion headaches." When he requested a follow up medical appointment, he was examined and prescribed ibuprofen for five days.[4] [R. 1 at 4-5]

Mr. Stephenson claims that the defendants violated his rights under the Fourteenth Amendment, and seeks monetary compensation. [R. 1 at 2-8, 13.] Having reviewed these matters, the Court will dismiss the first and second claims but direct a response to the third.

Mr. Stephenson's first claim, liberally construed, contends that SCDC Captain Robert Gravett, Lieutenant Orvale Brown, and Jailer Darrell Cox impeded his access to the courts by not providing him with access to the law library, case citations, and his own legal papers. This claim

---

[3] Mr. Stephenson does not identify his race, but the Oldham County Detention Center indicates that he is Black. *See* http://www.oldhamcountyjail.com/InmateRoster/OCDC_inmatelist.html (accessed January 23, 2024).

[4] Mr. Stephenson does not appear to assert a claim regarding his medical care and does not name any health care provider as a defendant.

must be dismissed for several reasons. An access-to-courts claim is "a case within a case," meaning the plaintiff must allege "the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011). Stephenson does not explain the nature of the claims he wished to assert or plausibly indicate their non-frivolous nature. Absent an allegation of prejudice, this claim fails. *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that the plaintiff must adequately and specifically plead intentional conduct that caused actual prejudice or injury to an otherwise meritorious claim). And, as stated in notes 1 and 2 above, in both of the court cases that Mr. Stephenson indicates he wished to file something, he was represented by an attorney. That fact alone satisfied Stephenson's right of access to the courts: where a defendant is represented by counsel in his criminal case, his constitutional right of access to the courts in that proceeding is satisfied as a matter of law. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983); *see also Cooper v. Shelby County Justice Center*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) ("Since counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected."). These claims will therefore be dismissed.

Mr. Stephenson next complains that Jailer Cox did not waive the booking fees levied and collected by the jail even after the state charges against him were dismissed. Kentucky law provides, in pertinent part, that:

(1)(a)  A prisoner in a county jail shall be required beginning from the prisoner's booking date to reimburse the county for expenses incurred by reason of the prisoner's confinement as set out in this section, except for good cause shown.

(b)  If the prisoner is not convicted of any charges brought as a result of the prisoner's arrest, the county jail shall waive any outstanding expenses owed by the prisoner and reimburse the prisoner for any expenses already paid to

4

> the county jail for confinement due to that arrest, but the county jail shall not be required to waive or reimburse any expenses incurred by the prisoner for confinement related to a prior arrest, or for property damage or injury caused by the prisoner while confined to the jail.

Ky. Rev. Stat. Ann. § 441.265 (2022). Mr. Stephenson's claim under this provision fails in several respects. First, subsection (1)(b) directs fee reimbursement if the prisoner "is not convicted of *any* charges brought as a result of the prisoner's arrest." (emphasis added). Mr. Stephenson's arrest resulted in state charges—while some of them were later dismissed, others were not. *See* notes 1 and 2 above. In any event, his arrest also resulted in federal charges, to which Mr. Stephenson has recently reached an agreement to plead guilty. *See United States v. Stephenson*, No. 3: 22-CR-71-DJH-1 (W.D. Ky. 2022) [R. 61 therein.] Hence, Mr. Stephenson has failed to satisfy the necessary condition to fee waiver and reimbursement. Second, the statute directs *the county*, not the jailer, to waive expenses owed and reimburse those already paid. Any claim for reimbursement would therefore be against the county, not its jailer. *See generally Jones v. Clark Cnty.*, 635 S.W.3d 54, 57 (Ky. 2021) (discussing claim asserted against county under KRS § 441.265). Third, even if this were not so, Mr. Stephenson fails to articulate or suggest why an asserted violation of a *statutory* right arising under *state* law implicates his *constitutional* rights under *federal* law. The Court will, therefore, dismiss this claim against defendant Cox.

Third, Mr. Stephenson claims, essentially, that Deputy Kelsey Torres and Lieutenant Larry Donavon failed to protect him from an assault by other inmates, notwithstanding their knowledge that Mr. Stephenson faced a risk of assault in light of prior race-based violence by these inmates. The Court will order that these defendants be served with process for further proceedings. The Court will dismiss the claims against Major Sharon Hardin, as Mr. Stephenson alleges only that she made insensitive or callous remarks. Such conduct may be unprofessional

5

or deplorable, but it does not violate the Constitution. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

Because the Court has granted Stephenson *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve the defendants on his behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Brison Stephenson's claims against defendants Jailer Darrell Cox, Major Sharon Hardin, Captain Robert Gravett, and Lieutenant Orvale Brown are **DISMISSED**;

2. A Deputy Clerk **SHALL** prepare a "Service Packet" for defendants Deputy Kelsey Torres and Lieutenant Larry Donavon. Each Service Packet **SHALL** include:

    a. a completed summons form;
    b. the complaint [R. 1];
    c. this Order; and
    d. a completed USM Form 285;

3. The Deputy Clerk **SHALL** deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket; and

4. The USMS **SHALL** make arrangements with the appropriate officials at the Shelby County Detention Center to personally serve Deputy Kelsey Torres and Lieutenant Larry Donavon with Service Packets at:

    Shelby County Detention Center
    1000 Detention Road
    Shelbyville, KY 40065.

This the 1st day of February, 2024.

Gregory F. Van Tatenhove
United States District Judge