UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRISON STEPHENSON. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:23-cv-00083-GFVT-MAS |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DARRELL COX, *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Brison Stephenson alleges that in May 2022 he was taken to a cell at the Shelby County Detention Center where he was beaten by fellow inmates in a racially motivated attack. Mr. Stephenson subsequently brought claims under 42 U.S.C. § 1983 against the officers that placed him amongst his attackers. The Defendants now move for summary judgment, arguing that Mr. Stephenson failed to exhaust his administrative remedies before bringing this action. For the reasons that follow, the Defendants' Motion for Summary Judgment **[R. 21]** is **GRANTED.**

I

Plaintiff Brison Stephenson filed his original complaint on November 30, 2023. [R. 1.] Mr. Stephenson's complaint describes events occurring while he was confined at the Shelby County Detention Center ("SCDC") in Shelby County, Kentucky, from May through August 2022. Mr. Stephenson asserted three general claims under 42 U.S.C. § 1983, but after the Court's initial screening, only one of those claims remained. The Court previously described Mr. Stephenson's remaining claim as follows:

> Mr. Stephenson alleges that following his booking into SCDC, Deputy Kelsey Torres assigned him to a cell at SCDC where all of his cellmates were white except for one "Mexican." When Lieutenant Larry Donavon escorted him to the cell, Mr. Stephenson expressed concern about the racial composition of the cell, but Donovan stated that he "doesn't make the rules" and placed Mr. Stephenson into his assigned cell. At some point thereafter, six white inmates assaulted Stephenson. [R. 1 at 3.] An SCDC nurse who treated Stephenson's injuries allegedly stated that the white inmates in the cell were known for racially motivated assaults. During this conversation, Major Sharon Hardin allegedly told Mr. Stephenson that he was assaulted because he had been "talking crap." Major Hardin disavowed being racially biased, but allegedly mocked Stephenson when he later passed out. Mr. Stephenson indicates that he was returned to the general population when he still had a black eye and "a possible broken arm and concussion headaches." When he requested a follow up medical appointment, he was examined and prescribed ibuprofen for five days. [R. 1 at 4-5.]

[R. 10 at 3] (omitted are two footnotes that indicate Stephenson's race as black and that Stephenson "does not appear to assert a claim regarding his medical care and does not name any health care provider as a defendant.").

Following the Court's initial screening, Mr. Stephenson filed a motion to amend his complaint. [R. 14]. The Defendants then moved for summary judgment. [R. 21.] Judge Stinnett subsequently prepared a Report and Recommendation. [R. 23.] Therein, he recommended that the Court deny Mr. Stephenson's Motion to Amend and grant the Defendants' Motion for Summary Judgment. *Id.* at 8. Mr. Stephenson objected to Judge Stinnett's Recommendation. [R. 24]. Amongst other issues, Mr. Stephenson contended that he first heard about the Defendants' Motion for Summary Judgment when he received a copy of Judge Stinnett's R&R. *Id.* Analyzing the timing of service of the motion in conjunction with Mr. Stephenson's movement between facilities, this Court opted to reject Judge Stinnett's Recommendation to allow Mr. Stephenson to respond to the Defendants' Motion for Summary Judgment. [R. 26.] He has now done so, [R. 28], and the matter is ripe for review.

II

Under Rule 56, summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "[T]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). "Instead, 'the non-moving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.'" *J.B-K.-1 v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 462 F. Supp. 3d 724, 731 (E.D. Ky. 2020), *aff'd sub nom. J. B-K. by E.B. v. Sec'y of Ky. Cabinet for Health & Fam. Servs.*, 48 F.4th 721 (6th Cir. 2022) (quoting *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)).

Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 535 (6th Cir. 1995) (quoting *Liberty Lobby*, 477 U.S. at 255). However, the non-moving party may not "rely on subjective beliefs to show a genuine dispute" nor may they "defeat summary judgment by conclusory responses." *ACLU v. Mercer County*, 240 F. Supp.2d 623, 625 (E.D. Ky. 2003).

The core issue on summary judgment is whether Mr. Stephenson exhausted his administrative remedies before filing this suit. The Defendants contend that he did not. In their view, no evidence suggests that Mr. Stephenson filed any grievance about the applicable incident. Furthermore, they contend that, even if Mr. Stephenson had filed a grievance, he admits he did not follow the applicable appeals process. Mr. Stephenson has not included any of his grievance forms, though he suggests he would be able to obtain them with the Court's help. [R.28 at 2.]

### A

The Prison Litigation Reform Act of 1995 ("PLRA"), codified at 42 U.S.C. § 1997e, makes clear that "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." Such exhaustion is required because "the dominant concern of the PLRA is to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotation marks and citations omitted); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The exhaustion of administrative remedies must also be in full conformity with the agency's rules prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006). Such rules are "defined not by the PLRA, but by the prison grievance process itself." *Id*. Furthermore, "proper exhaustion" under the PLRA "demands compliance with an agency's deadlines and other critical procedural rules[.]" *Id*. at 91-93.

SCDC has just such a grievance procedural process, accessible via a kiosk in the inmate's cell. [R. 21-6 at 1.] SCDC's grievance procedure is as follows. First, a prisoner is required to

"file a grievance within forty-eight (48) hours of the event or condition giving rise to the grievance." *Id*. A response is due within ten days, but if no response is provided within ten days, the grievance is deemed denied. *Id*. A prisoner unsatisfied with the initial response to their grievance could then appeal the initial response to the Jailer or the Jailer's designee. *Id*. Such an appeal is required to be submitted within forty-eight (48) hours of the initial response. *Id*. Once again, a response to the appeal is due within ten days, but if no response is provided within ten days, the appeal is deemed denied. *Id*.

      Mr. Stephenson himself makes clear in his Complaint that he is familiar with that process from past grievances. [R. 1 at 5.] Mr. Stephenson contends in his response that he filed a grievance for the allegations at issue in this case but presents no evidence to that effect. [R. 28 at 2.] In response, the Defendants have provided an affidavit from Major Sharon Hardin wherein Major Hardin asserts that, after a thorough review of Mr. Stephenson's inmate file and filed grievances, there is simply no record of a grievance related to the alleged assault on May 30, 2022. [R. 21-7 at 1.] Mr. Stephenson appears to seek the Courts help in obtaining a copy of his alleged grievance from SCDC. [R. 28 at 2.] However, the Defendants point to a second action filed by Mr. Stephenson in the Western District of Kentucky, Case No. 3:24-CV-00038-JHM, where he has engaged in the typical discovery process. [R. 29 at 5.] Presumably Mr. Stephenson could have sought issuance of a subpoena *duces tecum* to SCDC to obtain copies of his alleged grievance – that he did not do so is a problem the Court will not now endeavor to solve. While this lack of evidence alone suggests summary judgment is appropriate, the Court turns to whether Mr. Stephenson followed the appropriate appeals process.

      Mr. Stephenson contends that there was no option for him to appeal, [R. 1 at 11; R. 24 at 1-2; R. 28 at 3], which the Court takes as an admission that he did not do so. A "prisoner need

5

not exhaust remedies if they are not 'available,'" *Ross v. Blake*, 578 U.S. 632, 636 (2016), however there are only three circumstances where that is the case: (1) when "officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate" the process; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 643-44.  "The prisoner has the burden of proving that a grievance has been fully exhausted." *Brown v. Stacy*, No. 16-cv-91-DLB-EBA, 2018 WL 1526168 (E.D. Ky. Mar. 28, 2018) (citing *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)).  Mr. Stephenson has made no argument and presented no evidence that any of these three circumstances are applicable here.  Furthermore, the evidence as presented makes clear that SCDC does have an appeals procedure which Mr. Stephenson simply did not follow. While Mr. Stephenson suggests he may have been unsure about how to conduct the appeals process, [R. 28 at 3], a defendant cannot argue ignorance to avoid the requirement of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 221 fn 2 (6th Cir. 2011).  "This is not to be harsh on prisoners, but to further the important goals behind the law: to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected, and to create an administrative record for those disputes that eventually end up in court." *Id*. at 226.  The Defendants are therefore entitled to summary judgment on account of Mr. Stephenson's failure to exhaust his administrative remedies.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment **[R. 21]** is **GRANTED**, the case will be **STRICKEN** from the record, and an appropriate judgment will be entered herewith.

This the 31st day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge